In the Matter of the Taxes of Bloch Pitt Investments, Albuquerque, New Mexico, for the Year 1969.
BLOCH PITT INVESTMENTS, Appellant,

v.

ASSESSOR OF BERNALILLO COUNTY, New Mexico, and Treasurer of Bernalillo County, New Mexico, Appellees.

No. 9767.

Supreme Court of New Mexico.

Sept. 6, 1974.

Botts & Cole, Vance Mauney, Albuquerque, for appellant.

No appearance for appellees.

OPINION

OMAN, Justice.

Pursuant to the provisions of §§ 72–4–6 and 72–4–7, N.M.S.A. 1953 (Repl. Vol. 10,

pt. 2, 1961), appellant sought the correction of a claimed error and injustice in the assessment of its real property in Bernalillo County for the year 1969. Judgment was entered by the district court in favor of appellees, and appellant has taken this appeal pursuant to § 72–4–8, N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, 1961). Appellees failed to file a brief or otherwise appear in these proceedings on appeal. We reverse.

Briefly the pertinent facts are:

(1) Some time prior to March 1, 1969, appellant received from the County Assessor a "Real Property Declaration Effective as to Title and Description on January 1, 1969." This was a form prepared for and used by the Assessor. The property in question was correctly described thereon by the Assessor, and it showed the assessed valuation of the property as $12,898. There was no showing of any improvements on the property. Appellant was directed by printed instructions on the declaration to sign in the appropriate place and notify the Assessor on or before March 1 "[i]f information is incorrect as to property description, or name and mailing address, * * *."

(2) The declaration was signed and returned to the Assessor pursuant to these directions. There was no mistake in the property description, or in the name or address of appellant.

(3) On July 5, 1969, appellant received another declaration from the Assessor. The printed portion of this form was identical with the printed portion of the one previously received, signed and returned by appellant. On the line where appellant would properly sign this declaration and did sign the prior declaration, the Assessor had typed "FORCED ASSESSMENT." At another place on the form the Assessor had shown "Buildings and/or Improvements" assessed at $212,480, with a total assessed valuation of $225,379 rather than the $12,898 shown on the prior declaration.

(4) The construction of a building on the property was commenced some time in the late summer of 1967, and this construc-

tion had been completed and the building occupied since July or August of 1968.

(5) Upon receipt of the "FORCED ASSESSMENT" on July 5, appellant immediately got in touch with the Assessor's office and was advised that it was too late to appeal from the Assessor's valuation.

One of the trial court's findings, upon which it predicated its conclusion that appellant had failed to declare its property as required by "§ 72–2–1, et seq., New Mexico Statutes 1953 Annotated," was: "That Petitioner [appellant] had made no report in his assessment * * * for 1969 for this new building." [The assessment referred to was the declaration prepared and forwarded to appellant by the Assessor prior to March 1 and which was signed and returned by appellant to Assessor in accordance with instructions].

A taxpayer is required by § 72–2–10.1, N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, 1961) to list and declare all property owned by him on the form provided by the Assessor and cause the list to be delivered to the Assessor's office. This is precisely what the appellant did. It did not, however, list the building on this form, but the statutes make no such requirement.

It is the duty of the Assessor and not the taxpayer to fix the valuation for tax purposes. The taxpayer is expressly prohibited from fixing the value. Section 72–2–3, N.M.S.A. 1953 (Repl.Vol. 10, pt. 2, 1961, Supp.1973).

The taxpayer is required to describe the property in such a manner as would be sufficient in a deed to identify the property so that title thereto would pass. Section 72–2–3, supra. Unquestionably, the description in the declaration was adequate for this purpose, and this description in a deed would have operated to convey title to the building as well as to the land to which it was affixed. Permanent improvements on land become part of the realty, and nothing more than a proper description of the land itself is required to pass title to the entire realty. Taylor v. Shaw, 48 N.M. 395, 151 P.2d 743 (1944).

Improvements affixed to the land are not separately assessable. San Luis Power & Water Co. v. State, 57 N.M. 734, 263 P.2d 398 (1953).

 It was the duty of the Assessor to make a reasonable and diligent effort to view the property in order to see that the property was adequately valued. Section 72–2–10.2, N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, 1961). The building was under construction from the late summer of 1967 until completed and occupied some time in July or August of 1968. It was the duty of the Assessor to include the building in the assessed valuation, and this has been done since 1969. However, the inclusion thereof in the 1969 assessment by the "FORCED ASSESSMENT" in July 1969 came too late. Although the trial court found that the Board of Equalization heard protests of assessments from May 1, 1969, until late in August of 1969, and appellant could have filed a protest and arranged for a hearing before the Board had appellant so desired, these findings are not supported by the evidence or the law. There was testimony that the Board did sit during the stated time to hear protests, but there was no evidence to support that portion of the findings to the effect that appellant could have filed a protest and arranged for a hearing. As shown above, upon making inquiry of the County Assessor's office, appellant was advised it was too late to appeal from the action of the Assessor. This advice was consistent with the applicable statutes. Sections 72–2–39 and 72–2–40, N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, 1961). These sections of our statutes, which have subsequently been repealed and replaced or amended, clearly require the Board to terminate its meetings or hearings no later than May 15 and to immediately return all tax schedules to the Assessor.

The Assessor was required to prepare and deliver to the State Tax Commission by the first Monday in June a certificate showing a total assessed valuation of taxable real and personal property located in the county and in each municipality, district and subdivision of the county. Section 72–2–41, N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, 1961).

The district court held that the Assessor complied with the law in placing the building on the tax roll by the "FORCED ASSESSMENT." It expressly relied upon §§ 72–2–13 and 72–2–42, N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, 1961), in reaching this conclusion. These sections of our statutes provide:

*"72–2–13. False declaration of property—Perjury—Evading or refusing declaration—Listing by assessor—Additional penalty—Non-listed property—Preparation of schedule—Adding extra percentage.*—If any person owning or in control of any taxable property located in any county, shall willfully and knowingly make a false declaration of property, either for himself or for another, he shall be guilty of perjury and punishable therefor as is provided by law.

"If any person owning or in control of any taxable property located in any county shall willfully seek to and/or evade declaration of or refuse to declare property, as is herein provided for, the assessor or his deputy or deputies, shall make a true and complete list of the said property value the same and, when extending the taxes against such property, shall add to such taxes an amount equal to twenty-five (25) per cent thereof as a penalty for such evasion or refusal to declare the same.

"If the tax assessor shall ascertain that any property subject to taxation within his county has not been declared, listed and valued as by this act provided, he shall prepare a schedule therefor whereon the same shall be listed and valued, ascertaining the name and address of the last-known owner, and shall indicate upon such schedule that the property therein listed and valued was 'non-listed' during the assessment period. When extending the taxes against such

property he shall add thereto an amount equal to five (5%) per cent."

"*72-2-42. Omitted property—Power of assessor.*—If the assessor shall, at any time before the delivery of the assessment roll to the county treasurer, discover that any personal property has been omitted in the assessment of any year, or number of years, and is, at the time of the discovery of such omission, owned or possessed by the same person as was the owner or in possession thereof at the time of such omission, it shall be his duty to list the same as hereinbefore provided in this article, in cases where the owner of property has failed to make return thereof, and he shall place the said property and his valuation thereof for every year, but not more than five (5) years, during which said property was omitted, upon the assessment roll for the year in which such property is discovered, before delivering the same to the treasurer; and in case such omission of property from the assessment roll is discovered by the treasurer after the assessment roll has been delivered to him it shall be his duty to put the same upon the assessment roll in his possession, entering it thereon under the head of additional assessments, and he shall extend the taxes thereon as the county assessor might have done if he had discovered such omission before delivering the assessment roll to the treasurer. And in case of the like omission of real estate from the assessment roll for one (1) or more years, like proceedings shall be had without regard to whether the property is still owned by the same person who was the owner at the time of such omission but no real estate shall be placed on the tax rolls for the purpose of taxation that has been omitted from the rolls when a period of ten [10] years shall have elapsed between the time the assessment should have been made and the attempt to make an omitted assessment. Any assessor or treasurer so placing property on the assessment roll shall immediately notify the state tax commission, which shall thereupon make a corresponding entry on the roll in its possession."

■ It is apparent that § 72-2-13, supra, has no application to the facts in this case. That section deals with perjury for willfully and knowingly making a false declaration; with the assessment of a 25% penalty for evasion or refusal to declare property; and with adding a 5% additional tax against property not declared, listed and valued. Here the property was declared and listed on the tax rolls by proper description and was valued. This was the value fixed by the Assessor, but it was inadequate. No attempt was made by the Assessor to impose any penalty or additional tax under the provisions of this section of our statutes.

It is also apparent that § 72-2-42, supra, has no application here. This section of our statutes also relates to property which has not been declared, listed on the tax rolls and valued, and does not relate to property which has been declared, listed and undervalued because of failure by the Assessor to consider improvements. For an excellent Comment on this subject see Campbell, Ad Valorem Tax—Omitted Property and Improvements—Assessments, 6 Nat.Res.J. 105 (1966). Also see in accord with the view we take Marshall Wells Co. v. Foster County, 59 N.D. 599, 231 N. W. 542 (1930); Roberts v. Fair, 174 Okl. 139, 50 P.2d 152 (1935); Palmer v. Beadle County, 70 S.D. 99, 15 N.W.2d 6 (1944).

■ The judgment of the district court should be reversed and this cause remanded with directions to enter a judgment declaring the "FORCED ASSESSMENT" to be void and ordering a refund to appellant of that portion of the 1969 taxes additionally assessed and imposed by the "FORCED ASSESSMENT."

It is so ordered.

MONTOYA and MARTINEZ, JJ., concur.