673 P.2d 26

In re the Matter of the Appeal of WEST-WARD LOOK DEVELOPMENT CORP., INC., an Arizona corporation, From the Additional 1975, 1976, 1977, 1978, 1979 and 1980 Tax Valuations of its Property, State Parcel Nos. 203–65–049E (1978–1980), 203–65–049C (1976–1977), and 203–65–049B (1975).

WESTWARD LOOK DEVELOPMENT CORP., INC., an Arizona corporation, Plaintiff/Appellee,

v.

The DEPARTMENT OF REVENUE OF the STATE OF ARIZONA; Pima County, a body politic; Katie Dusenberry, Sam Lena, E.S. "Bud" Walker, Conrad Joyner and David Yetman, as members of the Pima County Board of Supervisors and Pima County Board of Equalization; and James Lee Kirk, Pima County Treasurer, Defendants/Appellants.

No. 2 CA–CIV 4719.

Court of Appeals of Arizona, Division 2.

June 29, 1983.

Review Denied Dec. 6, 1983.

Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P.C. by Russell E. Jones, Tucson, for plaintiff/appellee.

Robert K. Corbin, Atty. Gen. by Alex G. Duncan, James D. Winter and Sarah Bailey, Asst. Attys. Gen., Tucson, for defendant/appellant Dept. of Revenue.

Stephen D. Neely, Pima County Atty. by Peter E. Pearman, John R. Neubauer, Tucson, for defendants/appellants Pima County Bd. of Sup'rs, Pima County Bd. of Equalization and Pima County Treasurer.

OPINION

HOWARD, Chief Judge.

In 1974 appellee Westward Look Development Corp., Inc., (Westward Look) added seven buildings consisting of 42 rental units to its resort facilities in Tucson. Through

an error in the assessor's office these new improvements were not included in the full cash value of appellee's property for the tax years 1975 through 1980. The error was discovered in 1981 and, upon notice to Westward Look, a hearing was held to correct the valuation of the property. On July 28, 1981, the board of equalization corrected the omission by accepting the assessor's recommended change of valuation for the tax years in question. On September 28, 1981, the county treasurer sent Westward Look amended tax statements and on November 2, 1981, Westward Look paid the additional taxes, $65,724.22, and filed two actions which were consolidated for trial. The case was tried by the court sitting without a jury which, after hearing the evidence, found in favor of Westward Look, awarding it $65,724.22 plus interest and attorney's fees in the amount of $10,058.50.

Appellants contend the trial court erred in rejecting their contention that the court had no jurisdiction because Westward Look's claims were barred by the time limitations of A.R.S. § 42–245. Alternatively, they argue that the trial court erred in holding that they could not collect back taxes. We disagree and affirm.

A.R.S. § 42–405 allows the assessor to correct omissions, errors or defects in the assessment list or tax roll. Subsection C of the statute provides:

"A taxpayer who is dissatisfied with the valuation or classification of his property as determined pursuant to this section may appeal to the state board of tax appeals or to the superior court pursuant to § 42–245."

A.R.S. § 42–245(A) provides:

"Any person dissatisfied with the valuation or classification of his property as fixed by the county board of equalization may appeal in the following manner:

1. To the superior court in the manner provided in § 42–151 on or before November 1, *except that appeals resulting from a change in value due to the correction of an omission, error or defect in an assessment list or tax roll, as provided by § 42–405, shall be filed within thirty days*

*of the county board's decision."* (Emphasis added)

Appellants contend that since Westward Look did not appeal within 30 days of the decision, its claim for refund of the taxes paid is time barred by A.R.S. § 42–245(A)(1). We do not agree. Westward Look is not contending that the property was improperly added to the assessment list or tax roll. It has no complaints about the correction. It does complain, however, that the assessor cannot collect back taxes but can only collect taxes for 1981 and the following years. A.R.S. § 42–204(C) provides, "Within one year after payment of the first installment of the tax, an action may be maintained to recover any tax illegally collected, ..." Westward Look is properly proceeding under this latter statute since it is not challenging the change in value but only the collection of back taxes.

A.R.S. § 42–236(D), prior to its amendment in 1982, stated:

"*Any property* found to have escaped assessment in any year shall be liable for the escaped taxes and a penalty equal to the amount of taxes escaped in the past three years. The county treasurer shall take whatever action is necessary to collect the taxes and penalty due as provided herein." (Emphasis added)

In *Transamerica Develop. Co. v. County of Maricopa,* 107 Ariz. 396, 489 P.2d 33 (1971) the court held that the Arizona taxation scheme was what is known as the "unitary plan" under which improvements and the land are valued together as a "property." Other states use the "component plan" where improvements and the land are valued separately. In interpreting statutes similar to A.R.S. § 42–236(D) states which have adopted the unitary plan hold that if the land has been taxed for a given year, even though it is improved with improvements which have not been included in the assessment, the assessing authorities cannot back tax the real property based on the taxes with respect to the improvements. See *Hunt v. District of Columbia,* 108 F.2d 10 (D.C.Cir.1939); *Whited v. Louisiana Tax*

*Comm.,* 178 La. 877, 152 So. 552 (1934); *Bloch Pitt Invest. v. Assessor of Bernalillo County,* 86 N.M. 589, 526 P.2d 183 (1974); *Leyh v. Glass,* 508 P.2d 259 (Okl.1973); *Palmer v. Beadle County* 70 S.D. 99, 15 N.W.2d 6 (1944). The rationale behind these cases is that although the failure to include the improvements might result in an *under valuation,* the property, which is taxed as a *unit,* has not escaped taxation.

Here, although the property may not have been correctly valued, it did not escape taxation. The property, as a unit, was taxed and the taxes were paid. We also observe and give weight to the fact that in Arizona the taxes are a lien on the property. A.R.S. § 42-312. Parties dealing with real estate and titles thereto are charged with notice of the tax lien. In cases such as the one here, the tax rolls would indicate that all taxes assessed against the property and improvements had been paid for the years in question. If improvements constitute "any property" within the meaning of A.R.S. § 42-236(D), a bona fide purchaser might acquire the property believing that all taxes had been paid. The property might then be subjected to a lien for taxes for years prior to the date of purchase due to the fact that certain improvements had not been assessed and taxed during prior years. The fact that the legislature failed to provide any protection for subsequent purchasers indicates the legislature did not intend to establish improvements as a separate class of property under A.R.S. § 42-236(D) which subsequently could be back taxed when the land itself, and, in this case, some improvements had been already assessed and taxed. See *Leyh v. Glass,* supra. Appellants contend that the omitted improvements are "escaped property" relying on Opinion Attorney General 77-210 (R 77-179), which in turn relies on *Korash v. Mills,* 263 So.2d 579 (Fla.1972). We find the attorney general's opinion to be unpersuasive since the Florida case is factually inapposite to the case sub judice.

Judgment is affirmed.

HATHAWAY and BIRDSALL, JJ., concur.