908 P.2d 64

**RINGIER AMERICAN, fka W.A. Krueger Company, a corporation, Plaintiff Petitioner–Appellant,**

v.

**STATE of Arizona DEPARTMENT OF REVENUE; Maricopa County, a body politic and corporate; Tom Rawles, Jim Bruner, Betsey Bayless, Ed King and Mary Rose Wilcox, as members of the Maricopa County Board of Supervisors; Pete Corpstein, in his capacity as Maricopa County Assessor; and Doug Todd, in his capacity as Maricopa County Treasurer, Defendants Respondents–Appellees.**

**No. 1 CA–TX 94–0010.**

Court of Appeals of Arizona, Division 1, Department T.

Dec. 5, 1995.

Munger & Munger, P.L.C. by John F. Munger, and Mark E. Chadwick, Tucson, for plaintiff petitioner-appellant.

Lebowitz, Macpherson & Migray, P.C. by Ian A. Macpherson and Frank L. Migray, Phoenix, for defendants respondents-appellees.

## OPINION

THOMPSON, Judge.

Appellant Ringier American ("Ringier") appeals from a written tax court judgment dismissing its special action under Ariz.Rev. Stat.Ann. ("A.R.S.") § 11–506 for a partial refund of personal property taxes for tax years 1987 to 1990. We hold that Ringier's claims are not cognizable under A.R.S. § 11–506, and that because Ringier failed to timely pursue the proper statutory procedures for appellate review, no remedy is available. The tax court's judgment is therefore affirmed.

## FACTS AND PROCEDURAL HISTORY

In 1990, Appellants Maricopa County, et al. ("DOR") audited Ringier's personal property tax statements for tax years 1987–1990. The audit found that Ringier had improperly classified certain equipment in preparing and filing its property tax statements for those years. These improper classifications resulted in more favorable depreciation schedules which, in turn, resulted in lower taxes for Ringier.

Later that same year, DOR reclassified the equipment and issued a tax bill for an additional $51,970.29 in property taxes for the years 1987 through 1990. The revised tax bill had a due date of January 14, 1991, and a delinquency date of February 13, 1991. Ringier's subsequent petition for review with the Maricopa County Assessor's Office challenging the revised taxes was denied. The Maricopa County Board of Equalization also denied review. Ringier then appealed to the State Board of Tax Appeals, but before the Board heard the matter, a settlement was reached reducing the amount owed in taxes

to $43,430.07. The Board thereafter entered an order permitting Ringier to withdraw its appeal. Ringier received a tax bill for the new amount on April 3, 1991, which it paid in full a few weeks later.

On April 9, 1993, more than two years after paying the revised taxes, Ringier filed a pleading with the tax court entitled "Petition for Special Action and Complaint and Appeal from Denial of Tax Refund." Ringier claimed that it should receive a tax refund because DOR lacked the statutory authority to retroactively impose additional taxes based on revaluation of property. Ringier further argued that the retroactive assessment unduly discriminated against it. The court dismissed the section of the pleading entitled "Petition for Special Action," noting that "[a] special action is not appropriate where there is an appeal." The court treated the other portion of the pleading as an appeal from the State Board of Tax Appeals under A.R.S. § 42-176. Ringier thereafter filed a motion for reconsideration arguing that its special action should not have been dismissed because § 11-506 requires that review must be by way of special action. The court denied the motion, stating that claims under § 11-506 are limited to refunds arising from an "erroneous assessment" and that Ringier's claims did not meet this requirement. However, Ringier continued to assert that its claim for relief was based on A.R.S. § 11-506.

DOR then filed a motion seeking, alternatively, dismissal or judgment on the remainder of Ringier's action. DOR asserted that Ringier failed to state a claim under § 11-506 because there was not an "erroneous assessment," and, in the alternative, that the original tax bill was not paid before delinquency. Ringier opposed the motion, arguing that the retroactive assessment of taxes was illegal and therefore constituted an "erroneous assessment" under the statute, and that DOR waived any possible delinquency claim.

The tax court concluded that Ringier's tax refund claims were not cognizable under § 11-506, and that Ringier should have raised its claims by way of timely appeal. Because the statutory filing deadline for any possibly applicable tax appeal statute had already passed, the court granted DOR's motion to dismiss. Following the entry of a final judgment, Ringier timely appealed to this court.

## DISCUSSION [1]

### A. Ringier's challenge to dismissal of its special action under A.R.S. § 11-506 based on availability of appeal

■ We first address Ringier's claim that the tax court erroneously dismissed its special action under A.R.S. § 11-506 based on the availability of an appeal. Ringier argues that property tax appeals and § 11-506 claims are merely alternative remedies and that, therefore, the tax court wrongly dismissed its special action. For this proposition, Ringier cites *S & R Properties v. Maricopa County*, 178 Ariz. 491, 875 P.2d 150 (App.1993). In *S & R*, each of numerous taxpayers brought separate special actions in the tax court, claiming that the petitioner's property had been misclassified, and that, as a result, each had paid excessive real property taxes and were entitled to refunds pursuant to A.R.S. §§ 11-505 and 11-506 (1990). *Id.* at 496, 875 P.2d at 155.

In *S & R*, we characterized A.R.S. § 11-506 as "a simple, alternative means of correcting indisputable assessment errors." *Id.* at 501, 875 P.2d at 160. We went on to delineate the kinds of claimed error that may serve as the basis of claims under § 11-506:

[W]e do not believe that the taxpayer can *never* obtain a refund for prior years without having appealed in the current tax year. If the November 1 deadline for filing an appeal has passed when a taxpayer discovers an error, *and the error is clear and indisputable either from the County's own records or the taxpayer's claim*, DOR should verify that error, and the County should issue a refund without

---

1. In reviewing an order granting a motion to dismiss, we accept as true the well-pleaded facts as alleged in the complaint. *Dunlap v. City of*

*Phoenix*, 169 Ariz. 63, 65, 817 P.2d 8, 10 (App. 1990).

the necessity of a formal appeal. [Citation omitted.]

On the other hand, if an alleged erroneous assessment cannot be determined without the resolution of disputed issues of fact and the assessment of credibility of witnesses, and such error has not been adjudicated in the appeal process, it is not an error that can be "verified" by DOR. The function of the appeal process is to resolve disputed issues of fact and law between taxpayers and the taxing authority. We believe the legislature did not intend for the refund process to be used as a *forum* to litigate such issues. Consequently, a taxpayer who fails to appeal an alleged erroneous assessment, the determination of which depends on the adjudication of disputed issues of fact or law, may not litigate his right to a refund under section 11–506.

*Id.* at 501–02, 875 P.2d at 160–61 (emphasis added).

■ *S & R* indicates that whether a claim for refund could have been brought as an appeal to the tax court is not determinative of the availability of relief under A.R.S. § 11–506. Therefore, we examine Ringier's claim for sufficiency under § 11–506, notwithstanding that the claim could have been made by timely appeal.

**B.  Whether Ringier presented a "clear and indisputable" claim of erroneous assessment**

■ DOR contends that A.R.S. § 11–506 remedies only "clear and indisputable" assessment errors, and that this case does not involve such errors. We agree. *S & R* instructs that a special action under A.R.S. § 11–506 may be granted only where the assessment error is so plain that DOR may easily verify it and issue a refund without the need for a formal appeal. In such cases, no questions of fact or law must be resolved, and formal appellate procedures are unnecessary. Here, Ringier is claiming that DOR exceeded its statutory authority and unduly discriminated against Ringier. In order to determine if the tax assessment at issue was erroneous, the tax court would necessarily have to decide disputed factual and legal

issues, including whether DOR properly reclassified Ringier's property and, if so, whether a tax may be retroactively imposed to recover any apparent deficiency. *S & R* makes it clear that these types of factual and legal questions are reserved solely for the appeals process and may not be litigated under § 11–506. *See Bull HN Info. Systems v. Arizona Dep't of Revenue,* 203 Ariz.Adv. Rep. 25, —— Ariz. ——, —— P.2d —— (App. Nov. 16, 1995) (refund claims requiring determination of disputed issue regarding placement of personal property on unsecured tax roll not redressable under § 11–506).

Ringier contends that because it has invoked *In re Westward Look Development Corp., Inc.,* 138 Ariz. 88, 673 P.2d 26 (App. 1983), in support of its claim that the assessor utterly lacked authority to collect additional taxes based on the audit and revaluation of property, the claim here is not subject to any reasonable dispute. In *Westward Look,* Division Two of this court held that, where real property has been undervalued due to the assessor's own error, the county treasurer could not collect additional taxes on the previously taxed property after its revaluation. *Id.* at 89, 673 P.2d at 27. DOR disputes the applicability of *Westward Look* to Ringier's situation on a variety of asserted grounds.

Critically, in this case, the tax court found that the initial improper valuations resulted from *Ringier's* improper classification of its equipment in its property tax statements. In a similar case, the attempted application of *Westward Look* to prevent the collection of back taxes after an assessor's audit was rejected. *Aleasco, Inc. v. Maricopa County,* 177 Ariz. 291, 867 P.2d 861 (Tax 1994). The tax court in *Aleasco* determined that *Westward Look* "dealt with whether an assessor may correct its own omission or error by revaluing property and assessing taxes on improvements the assessor failed to value in prior years," and was inapplicable to a case where the *taxpayer's* error caused the undervaluation. *Id.* at 294, 867 P.2d at 864.

We need not decide whether the tax court's view of *Westward Look* as expressed in *Aleasco* is correct. We hold, however, that Ringier's claim, which is disputed by

recourse to pertinent Arizona legal authority, is not "clear and indisputable," notwithstanding that the claim in part presents a purely legal issue. DOR's dispute as to Ringier's claim that the assessor lacked authority to collect back taxes in this case evidences that the claim is not cognizable under § 11–506.

■ Ringier apparently did not become aware of any alleged assessment errors until two years after paying the revised tax bill. By that time, the time limit set by Title 42 for challenging an allegedly improper classification or valuation of property had already elapsed.[2] A taxpayer who fails to timely appeal, and who cannot show that the error is "clear and indisputable," will have no remedy. We therefore hold that the tax court correctly held that Ringier's failure to timely pursue the appropriate appellate procedures required dismissal of its action.

## C. Application of 1991 version of A.R.S. § 11–506 to Ringier's claims

■ Ringier next argues that the tax court should not have retroactively applied the 1991 amendments to A.R.S. § 11–506 to its claims. In dismissing Ringier's claims, the tax court quoted the relevant portions of the 1991 version of A.R.S. § 11–506. Because Ringier had already paid the entire revised tax bill for the years 1987 to 1990 by June of 1991, when the legislature amended A.R.S. § 11–506, it argues that the tax court should not have dismissed its claims pursuant to the amended statute. Ringier maintains that this retroactive application of the statute impaired its vested, substantive right to a refund and, consequently, violated its due process rights.

Ringier further contends that if the pre-1991 version of the statute had been applied, the court would have found an "erroneous assessment" under § 11–506. Before it was amended in 1991, A.R.S. § 11–506 provided:

If all or a part of a property tax has been paid on an erroneous assessment after such assessment is verified by the department of revenue, the county board of supervisors shall direct the county treasur-

er to grant a refund to the taxpayer, to the extent of the erroneous tax paid pursuant to such erroneous assessment after correcting the tax roll, provided the taxpayer submits a claim therefor to the county treasurer within three years after the payment of such erroneous tax. Such claim shall be processed in the same manner and subject to the provisions as provided in § 11–505.

Effective 1991, the legislature added to the then-existing text of A.R.S. § 11–506 a requirement that the county assessor, as well as the department of revenue, verify the erroneous assessment, and added a new subsection B:

For purposes of this section, an erroneous assessment is limited to a clerical or computational error or any other error not involving the exercise of discretion, opinion or judgment by the assessor or the department. This section does not apply to questions of valuation that can be appealed according to §§ 42–221 or 42–604. An erroneous assessment does not include an assessment that is uniformly made according to department of revenue guidelines for all similarly classified property.

1991 Ariz.Sess.Laws ch. 182, § 2, as amended by 1991 Ariz.Sess.Laws ch. 303, § 2.

We will first address Ringier's contention that it stated a claim under the pre–1991 version of A.R.S. § 11–506. This court recently addressed the scope and application of pre–1991 § 11–506 in *Widger v. Arizona Dep't of Revenue*, 903 P.2d 604 (App.1995). In *Widger*, the court examined whether the assessor's nonagricultural valuations of the taxpayer's property constituted "erroneous assessments" for which relief might be granted under pre-amendment A.R.S. § 11–506. Although factually distinguishable, the *Widger* court's analysis of the legal issues presented here and of the relevant prior cases cited in both parties' briefs is instructive:

Read together, *S & R Properties* and *E.C. Garcia*[3] stand for the proposition that, although pre-amendment A.R.S. section 11–506 applied to more than mere adminis-

---

**2.** *See* A.R.S. § 42–204.

**3.** *E.C. Garcia and Co. v. Arizona State Dep't of Revenue,* 178 Ariz. 510, 875 P.2d 169 (App.1993).

trative or clerical errors that are obvious on the face of the tax roll, relief was available under that statute *only* for assessment errors that were clear and indisputable without the need for resolution of contested issues of fact or law.

(Emphasis added.)

This court's view of pre-amendment § 11–506 suggests that analysis of the sufficiency of the taxpayer's claim varies little under the pre–1991 and post–1991 versions of § 11–506. Application of the amended statute under subsection B is clearly limited to cases involving obvious nondiscretionary errors, like clerical or computational mistakes. *Widger* applies the pre-amendment version of § 11–506 somewhat more broadly, but likewise requires that a "clear and indisputable" assessment error must be shown before granting relief to the taxpayer. As discussed, the assessor's revaluation and reclassification of Ringier's property could not be characterized as "clear and indisputable" error without an adjudication of disputed questions of fact and law. Thus, Ringier's only available remedy would have been by way of the appeal process. Ringier failed to timely avail itself of this process and therefore is without recourse.

Because of our resolution of this issue, we need not consider whether the tax court erred by retroactively applying the amended A.R.S. § 11–506 to Ringier's claims. Ringier failed to state a claim under the pre-amendment version of the statute and, therefore, did not suffer an impairment of its due process rights.

**D. Ringier's challenge to dismissal of its special action under amended A.R.S. § 11–506 based on failure to state a claim**

▉ Ringier's final argument is that even if the tax court correctly applied the post-amendment version of A.R.S. § 11–506, the court interpreted the statute too narrowly. The amended statute defines an "erroneous assessment" as a clerical or computational error or "any other error not involving the exercise of discretion, opinion or judgment by the assessor or the department." A.R.S. § 11–506(B) (1991). The tax court held that Ringier's claims of incorrect valuation and

discrimination involved the exercise of the assessor's discretion and judgment. Ringier asserts that the court's construction of this language eviscerates the meaning of the statute and in effect holds that taxpayers can only recover if the error is computational or clerical. We disagree. The portion of the amended statute which Ringier finds troubling is intended to provide redress to an aggrieved taxpayer who discovers an obvious, indisputable and nondiscretionary error. We need not contemplate all the various hypothetical errors which may or may not arise at some future date under this statutory provision to conclude that it has no application in this case. As the tax court correctly recognized:

> The decision whether to audit, what years and returns to include in the audit, whether there were improper classifications, and the information to be assessed during the audit all clearly involve the exercise of the Assessor's discretion, opinion, and judgment. Errors which result from an exercise of discretion, opinion or judgment of the assessor are specifically excluded from those "erroneous assessments" redressible under section 11–506. A.R.S. § 11–506(B). Therefore, Ringier has failed to establish an "erroneous assessment" under section 11–506.

Indeed, Ringier's claims necessarily involve inquiry into the assessor's judgment and are therefore outside the scope of A.R.S. § 11–506. Thus, we hold that the tax court correctly dismissed Ringier's special action under the amended version of A.R.S. § 11–506.

**E. Taxpayer's request for attorneys' fees**

Ringier requests an award of attorneys' fees pursuant to A.R.S. § 12–2030. Because we hold that the tax court properly dismissed Ringier's claims, we deny this request.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

EHRLICH and KLEINSCHMIDT, JJ., concur.