936 P.2d 183

**WESTIN TUCSON HOTEL CO., a Delaware corporation, dba Westin La Paloma Hotel and La Paloma Country Club, Plaintiff–Appellant,**

v.

**STATE of Arizona DEPARTMENT OF REVENUE, Pima County, a body politic and corporate, Ed Moore, Dan Eckstrom, Mike Boyd, Paul Marsh, and Raul Grijalva, as members of the Pima County Board of Supervisors, Rick Lyons, in his capacity as Pima County Assessor, and James L. Kirk, in his capacity as Pima County Treasurer, Defendants–Appellees.**

No. 1 CA–TX 96–0007.

Court of Appeals of Arizona, Division 1, Department T.

April 8, 1997.

Munger and Munger, P.L.C. by John F. Munger, Mark E. Chadwick, Tucson, for Plaintiff–Appellant.

Stephen D. Neely, Pima County Attorney by Peter E. Pearman, Deputy County Attorney, Civil Division, Tucson, Grant Woods, Arizona Attorney General by Frank Boucek, III, Assistant Attorney General, Tax Division, Phoenix, for Defendants–Appellees.

## OPINION

NOYES, Presiding Judge.

Westin Tucson Hotel Co. ("Westin") appeals from the Tax Court's summary judgment ruling in favor of the State of Arizona Department of Revenue ("DOR") and Pima County ("County")[1] on Westin's refund claims. Westin also appeals the denial of its Motion for Sanctions. Finding no error, we affirm.

### I.

On May 7, 1993 Westin filed its 1993 State of Arizona Business Personal Property Tax Statements, Form 82520 ("82520's") with the Pima County Assessor's Office. According to Susan Patent of the Assessor's Office, Form 82520 is used to indicate taxable personal property on hand as of January 1st of the year in question. Westin's 82520's summarized the general nature and amount of its personal property but did not provide an itemized list of assets.

Patent became doubtful of the numbers reported by Westin and decided to perform

---

1. When referred to as a unit in this Opinion, the State of Arizona Department of Revenue and Pima County are designated "the Taxing Authorities."

an audit. When Westin still was unable to supply an itemized list of its personal property, Patent reviewed Westin's general ledger accounts instead. Pima County then assessed taxes based on the general ledger accounts, rather than Westin's 82520's. Westin paid the taxes and did not appeal.

A similar situation arose in the 1994 tax year. Westin's figures on the 82520's were lower than those found in the general ledger accounts, but Westin did not provide an itemized list of its on-hand personal property. The Assessor's Office again relied on Patent's audit and used the higher of the two figures, the ledger accounts, to determine the cash value of Westin's personal property. Westin filed an administrative appeal under Arizona Revised Statutes Annotated ("A.R.S.") section 42–604.

During the course of the administrative appeal, Westin's Controller, Joan LeFevre, provided Patent with a copy of Westin's bank depreciation policy. This policy accounts for at least some of the discrepancy between the 82520 figures and those on the general ledger. Westin's bank depreciation policy requires it to list assets on the fixed asset registers for twelve years from the time of acquisition, even if it no longer owns the property. As Westin's personal tax representative, Michael Hellon, described:

> Because of the way La Paloma keeps its books, the general ledger reflects original installed costs of all of the properties' assets and many assets which have been disposed of.
>
> . . . .
>
> The problem is—let me give you an example. When they buy banquet chairs, they may buy 100 at a time and a couple of them get broken and tossed away. And this will happen over a period of years. Then they'll buy another 100. So it isn't a problem of accounting for what's there, it's a problem of overaccounting what's no longer there.

The general ledger therefore apparently overstates the actual property on hand by an undetermined amount.

After discussing the problem with LeFevre and Hellon, the County Assessor's Office negotiated a compromise and settlement for 1994. The parties agreed upon a specified percentage to be deleted from the acquisition cost, and settled on a 1986 acquisition date for property where the acquisition date could not be determined. The compromise resulted in a property valuation lower than that initially assessed by the County, but higher than would have been assessed based on Westin's 82520's.

Westin then requested that the County Assessor's Office apply the 1994 framework to the 1993 tax year, but the Assessor denied the request. Westin was precluded from filing an administrative appeal under A.R.S. section 42–604 because the time for appeal had passed.

Westin then filed a Petition for Special Action and Complaint and Appeal with the Arizona Tax Court seeking a refund for 1993 under a number of theories, including a claim pursuant to A.R.S. section 11–506 (1991). Under section 11–506, a taxpayer has three years from the payment of the tax in which to file a refund claim. On November 28, 1995, the Tax Court granted summary judgment in favor of Appellees and denied both parties' motions for sanctions. Westin timely appealed. This Court has jurisdiction pursuant to A.R.S. section 12–2101(B) (1994).

## II.

Westin argues the following issues on appeal:

1) that the 1993 taxation of property no longer owned by Westin was an "erroneous assessment" under A.R.S. section 11–506;

2) that the availability of statutory appeal under A.R.S. section 42–604 does not foreclose Westin's right to recovery under A.R.S. section 11–506;

3) that the Tax Court committed reversible error in granting the Taxing Authorities' motions for summary judgment because A.R.S. section 42–179 (Supp.1996) defines "error" to include the "existence or nonexistence" of property;

4) that the Assessor violated A.R.S. sections 42–236 and 42–204 by not relying on Westin's 82520's to assess Westin's personal property taxes for the 1993 tax year;

5) that the Tax Court erred when it granted summary judgment in favor of the Taxing Authorities, rather than Westin, on Westin's Equal Protection and Uniformity Clause claims;

6) that the Tax Court committed reversible error by denying Westin's Motion for Sanctions against Pima County; and

7) that Westin is entitled to recover attorneys' fees and costs.

We address these issues in turn.

## III.

1. "Erroneous Assessment" under A.R.S. section 11–506

■ Westin argues that the County taxed property that it did not own, thereby imposing taxes based on an "erroneous assessment," and entitling Westin to a refund under A.R.S. section 11–506. The 1991 version of A.R.S. section 11–506 is applicable in this case and provides that:

> A. If all or a part of a property tax has been paid on an *erroneous assessment* after such assessment is first verified by the county assessor and then verified by the department of revenue, the county board of supervisors *shall direct the county treasurer to grant a refund to the taxpayer,* to the extent of the erroneous tax paid pursuant to such erroneous assessment, after correcting the tax roll, provided the taxpayer submits a claim on a form approved by the department to the county treasurer within three years after the payment of such erroneous tax....

> B. For the purposes of this section, an erroneous assessment is limited to a clerical or computational error or any other error *not involving the exercise of discretion, opinion or judgment by the assessor or the department.* This section does not apply to questions of valuation that can be appealed according to section 42–221 or 42–604....

A.R.S. § 11–506 (1991) (repealed by Laws 1994, Ch. 323, § 1, eff. Jan. 1, 1996) (emphasis added).

■ A.R.S. section 11–506 "is intended to provide redress to an aggrieved taxpayer who discovers an obvious, indisputable and nondiscretionary error." *Ringier American v. Dept. of Revenue,* 184 Ariz. 250, 255, 908 P.2d 64, 69 (App.1995).

■ That error must be "clear and indisputable." *Id.* at 253, 908 P.2d at 67. Furthermore, "a special action under A.R.S. section 11–506 is only allowable when the assessment error is so obvious that the Department may easily verify it and issue a refund without the need for a formal appeal." *First Interstate Bank v. Dept. of Revenue,* 185 Ariz. 433, 439, 916 P.2d 1149, 1155 (App.1995). This is not such an error.

In this case, there are numerous factual disputes regarding Westin's taxable personal property on hand for the 1993 tax year. The County Assessor's Office was unwilling to rely on Westin's 82520's and Westin is unable to provide an itemized list of its personal property. If there is an error, it is difficult to quantify. Based on calculations by Patent, Westin claims that "[b]oth the Taxing Authorities and taxpayer agree that the amount of the 'erroneous assessment' is $1,547,289.00." The Taxing Authorities do not agree, however. The Taxing Authorities contend that these calculations were not intended to determine the amount of an error, but rather were meant to "dispute Appellant's claims that the Form 82520's submitted by it were a true and accurate reflection of the personal property owned by it for the tax years 1993 and 1994." This is not a case where "the Department may easily verify [the error] and issue a refund." *First Interstate Bank,* 185 Ariz. at 439, 916 P.2d at 1155. We therefore conclude that Westin is not entitled to relief under A.R.S. section 11–506.

2. Availability of Appeal

■ The Taxing Authorities argue, based on A.R.S. section 11–506(B), that the availability of appeal under A.R.S. sections 42–221 and 42–604 forecloses Westin's claims under A.R.S. section 11–506. Westin disagrees, citing *S & R Properties v. Maricopa County,* 178 Ariz. 491, 875 P.2d 150 (App.1993) and *Ringier American v. Dept. of Revenue,* 184 Ariz. 250, 908 P.2d 64 (App.1995) to support its position.

In *S & R Properties,* this Court held that "failure to appeal in the current tax year" does not preclude "a refund for erroneous assessments." 178 Ariz. at 500–01, 875 P.2d at 159–60. However, this is only true where "the taxpayer's claim or the County's own records reveal a clear and indisputable error." *Id.* As we determined in the previous section, this case does not involve such an error.

Westin also cites *Ringier American.* In *Ringier American,* this Court stated that, based on the reasoning in *S & R Properties,* "we examine Ringier's claim for sufficiency under § 11–506, notwithstanding that the claim could have been made by timely appeal." 184 Ariz. at 253, 908 P.2d at 67. However, sufficiency under section 11–506 requires that the error be "clear and indisputable" so that "DOR may easily verify it and issue a refund." *Id.* *S & R Properties* and *Ringier American* therefore only support Westin's position if Westin can first show an "erroneous assessment" under A.R.S. section 11–506. It has not done so.

Furthermore, the holdings in *S & R Properties* and *Ringier American* relied on the version of A.R.S. section 11–506 in effect prior to 1991. The amended 1991 version expressly states that "[t]his section does not apply to questions of valuation that can be appealed according to section 42–221 or 42–604." A.R.S § 11–506(B) (1991). Westin argues that because the 1993 assessment involves an "existence of property" question rather than a "question of valuation," the 1991 language should not apply. We find this argument unpersuasive.

A.R.S. section 42–604 provides for "a change in the valuation" of a taxpayer's property. A.R.S. § 42–604(B) (Supp.1996). Westin successfully appealed its 1994 assessment under A.R.S. section 42–604. Regardless of how Westin chooses to characterize the issue, the 1993 assessment was also capable of being "appealed according to section ... 42–604" within the meaning of A.R.S. section 11–506(B). Westin had an adequate remedy by appeal and we hold that its failure to take advantage of this opportunity forecloses recovery under A.R.S. section 11–506.

3. "Error" Under A.R.S. section 42–179

Westin also claims that the Tax Court erred in granting summary judgment in favor of the Taxing Authorities because Westin stated a claim under A.R.S. section 42–179. A.R.S. section 42–179(3)(e)(iv) (Supp.1996) provides that:

3. "Error" means any mistake in assessing or collecting property taxes resulting from:

. . . .

(e) Subject to the requirements of § 42–179.04, subsection B, a valuation that is based on an error that is exclusively factual in nature or due to a specific legal restriction that affects the subject property and that is objectively verifiable without the exercise of discretion, opinion or judgment and is demonstrated by clear and convincing evidence, such as:

. . . .

(iv) The existence or nonexistence of the property on the valuation date.

Westin failed to mention A.R.S section 42–179 in its original Complaint and did not subsequently amend the Complaint to include a claim under this statute. Westin's first reference to A.R.S. section 42–179 is in its final Reply in Support of Cross–Motion for Partial Summary Judgment and Reply to Department of Revenue's Response. Rule 4(a) Civil Motions, Uniform Rules of Practice (Supp.1996) requires that a reply "be directed only to matters raised in the answering memorandum." Although the Tax Court did not expressly address this issue in its order granting summary judgment, a claim raised for the first time in a reply is waived. *Cf. Ness v. Western Sec. Life Ins. Co.,* 174 Ariz. 497, 502, 851 P.2d 122, 127 (App.1992) (citing *United Bank v. Mesa N.O. Nelson Co.,* 121 Ariz. 438, 443, 590 P.2d 1384, 1389 (1979) and Ariz.R.Civ.App.P. 13(c)). We further note that "[q]uestions not raised in the trial court will not be considered on appeal." *Clark v. AiResearch Mfg. Co. of Ariz., Inc.,* 138 Ariz. 240, 244, 673 P.2d 984, 988 (App.1983) (citations omitted). Westin failed to adequately raise its A.R.S. section 42–179 claim in the Tax Court and we conclude that the issue is waived.

4. Violation of A.R.S. sections 42–204 and 42–236

Westin next contends that the County Assessor's Office ignored its submitted Form 82520's in violation of A.R.S. sections 42–204 and 42–236. Westin also claims that because the Taxing Authorities did not move for summary judgment on this issue, summary judgment should not have been granted in the Taxing Authorities' favor.

A. Summary Judgment

■ Westin is only partially correct in its assertion that the Taxing Authorities did not move for summary judgment on·the sections 42–204 and 42–236 claim. The County's Motion For Summary Judgment filed May 22, 1995 addresses Westin's claim under A.R.S. section 42–204, but does not mention section 42–236. Westin states in its opening brief that "Appellant, however, did move for summary judgment on its claim that Appellees violated A.R.S. § 42–236."

Arizona case law has long held that "a judgment on a motion for summary judgment may be either for or against the moving party, even though the opposing party has not filed such a motion." *Trimmer v. Ludtke,* 105 Ariz. 260, 263, 462 P.2d 809, 812 (1969) (citing *Markel v. Transamerica Title Insurance Company,* 103 Ariz. 353, 442 P.2d 97 (1968), *overruled on other grounds by Burch & Cracchiolo, P.A. v. Pugliani,* 144 Ariz. 281, 283, 697 P.2d 674, 676 (1985); *Carpenter v. Superior Court,* 101 Ariz. 565, 422 P.2d 129 (1966)). The Tax Court did not err by granting summary judgment for the Taxing Authorities on this point.

B. Westin's Form 82520's

Westin alleges that the Taxing Authorities violated A.R.S. sections 42–236 and 42–204 in relying on Patent's audit and the general ledger accounts rather than using the 82520's submitted by Westin. Westin points out that A.R.S. section 42–223(A) requires a taxpayer to provide a correct list of its property and that a failure to do so results in a penalty. A.R.S. section 42–236(B) requires the assessor to "make such investigation as necessary to insure that all property subject to property taxation in the county is properly included on the lists." Westin argues that these two statutes interpreted together impose a duty on assessors to "obtain information from the taxpayer and act reasonably on the information obtained." Specifically, Westin believes that because its 82520's provided "an essentially correct list" of taxable personal property, the County Assessor could not "simply disregard" them.

Westin argues that "it was illegal and a breach of [the Assessor's] statutory duties" to disregard the 82520's. Because A.R.S. section 42–204(C) provides for a refund of "illegally collected" excess taxes, Westin contends that the Tax Court erred in denying its motion for summary judgment. We disagree.

■ As noted above, A.R.S. section 42–236(B) requires an assessor to investigate "to insure that all property subject to property taxation in the county is properly included on the lists." Patent did so when she performed an audit. Contrary to the assertion that the Assessor was required to rely on Westin's "essentially correct" 82520's, an assessor has broad powers in determining whether to rely on taxpayer supplied lists. A.R.S. section 42–223(C), for example, states that "Every list filed with the assessor may be subject to audit." In *Ringier American v. Dept. of Revenue,* this court recognized that "[t]he decision whether to audit ... and the information to be assessed during the audit all clearly involve the exercise of the Assessor's discretion." 184 ·Ariz. at 255, 908 P.2d at 69. In this case, the Assessor's Office acted within its authority and we find no error.

5. Westin's Constitutional Claims

Westin's next argument concerns a claim that the Pima County Assessor's Office violated the Equal Protection and Uniformity Clauses of the Arizona Constitution and the Equal Protection Clause of the United States Constitution. Additionally, Westin claims that the Tax Court erred in granting summary judgment for DOR on the constitutional issues.

## A. Summary Judgment

Westin reiterates its earlier argument that the Tax Court erred in granting summary judgment for DOR because Westin moved for summary judgment on the constitutional claims and DOR did not. Neither the record, nor the law supports this assertion. In DOR's Motion For Partial Summary Judgment filed May 15, 1995, DOR expressly mentions Westin's Equal Protection and Uniformity Clause claims, and states that "Plaintiff has failed to allege any facts demonstrating that there has been an intentional and systematic discrimination in the application of the taxing laws." However, regardless of whether DOR moved for summary judgment on the issue, the Tax Court had authority to grant summary judgment either for, or against, the moving party. *Trimmer v. Ludtke*, 105 Ariz. at 263, 462 P.2d at 812.

## B. Constitutional Claims

■ Westin claims that Pima County routinely reduces property tax assessments for similarly-situated taxpayers based on their individual accounting policies. Westin contends that it has been treated differently in this respect because the Assessor's Office refused to retroactively reduce its property tax assessment for 1993. As evidence, Westin offers the Affidavit of its tax representative, Michael Hellon. Hellon testified that "Pima County has made special allowances for the internal accounting practices of taxpayers in situations similar to Plaintiff's, including, without limitation, Loews Ventana Canyon."

■ In order to demonstrate a violation of the Uniformity Clause of the Arizona Constitution, Ariz. Const. art. 9, section 1, and the Equal Protection Clause of the United States Constitution, U.S. Const. amend XIV, "[t]he party claiming discrimination must show that the unequal assessments were the result of systematic and intentional conduct on the part of the assessing official and not mere errors in judgment." *Maricopa County v. North Central Dev. Co.*, 115 Ariz. 540, 543, 566 P.2d 688, 691 (App.1977). *North Central* does not address equal protection under the Arizona Constitution as provided for in article 2, section 13, however, "[t]he

equal protection clauses of the 14th Amendment and the state constitution have for all practical purposes the same effect." *Valley Nat. Bank of Phoenix v. Glover*, 62 Ariz. 538, 554, 159 P.2d 292, 299 (1945); *see also Lake Havasu City v. Mohave County*, 138 Ariz. 552, 562, 675 P.2d 1371, 1381 (App.1983) (stating that both "the federal and state constitutions require equal assessment of taxes." (citation omitted)). In this case, Westin provided *no evidence that the Assessor denied it* an adjustment routinely granted to other taxpayers in similar situations. For example, Hellon mentions Loews Ventana Canyon Resort, but no others. Hellon also admits that Loews Ventana Canyon has different internal accounting procedures. This testimony does not support the elements of Westin's claim.

A motion for summary judgment should be granted where there is no "evidence creating a genuine issue of fact on the element in question." *Orme School v. Reeves*, 166 Ariz. 301, 310, 802 P.2d 1000, 1009 (1990). If the undisputed facts are such that no reasonable jury could grant relief, then summary judgment is warranted. *Id.* Because the evidence presented by Westin is insufficient to support its constitutional claim, we affirm the Tax Court's grant of summary judgment for DOR.

## 6. Sanctions

Westin next argues that the County's Motion to Strike was a violation of Rule 11 of the Arizona Rules of Civil Procedure and therefore the Tax Court should not have denied Westin's Motion for Sanctions. Rule 11 provides in relevant part that:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose.... If a pleading, motion or other paper is signed in violation

of this rule, the court ... shall impose ... an appropriate sanction....

Ariz.R.Civ.P. 11(a) (Supp.1996).

■ The County's Motion to Strike was based on the fact that Hellon's fee was contingent on the outcome of this case, and in a similar vein, on the assertion that his credibility was suspect. Westin cites the Arizona Rules of Evidence to support an assertion that testimony cannot be precluded merely because the witness has a contingency fee arrangement. Westin argues that therefore the County's motion was contrary to law and, because the County did not indicate that it was seeking to change or modify the law, the County violated Rule 11, thus requiring the court to impose sanctions.

Contrary to Westin's assertion, Arizona case law provides a basis for the County's Motion. In *Laos v. Soble,* 18 Ariz.App. 502, 503, 503 P.2d 978, 979 (1972), this Court held that:

> We are of the opinion, and so hold, that a contract providing for compensation of a witness contingent on the success of the litigation is subversive of public justice for the reason that his evidence may be improperly influenced. Public policy considerations brand such contract illegal.

Accordingly, we find no violation of Rule 11 and affirm the Tax Court's denial of sanctions.

7. Attorneys' Fees

Westin requests attorneys' fees pursuant to A.R.S. sections 12–2030(A) (Supp.1996) and 12–348 (1992), statutes which require the requesting party to prevail on the merits of the claim. Westin has not done so and we deny its request for attorneys' fees.

**IV.**

The judgments of the Tax Court are affirmed.

GERBER and EHRLICH, JJ., concur.