77 P.3d 468 (2003)
206 Ariz. 293
MARICOPA COUNTY,
v.
TWC CHANDLER, et al.
No. TX 2003-000198.
Tax Court of Arizona.
October 3, 2003.
Roberta S. Livesay, Helm & Kyle, Ltd, Counsel for Plaintiff.
Rex C. Nowlan, Assistant Attorney General, Paul J. Mooney, Fennemore Craig, P.C., Counsel for the Defendants.

UNDER ADVISEMENT RULING
PAUL A. KATZ, Judge.
The Court having taken Defendant Arizona State Board of Equalization's (the "SBOE") Motion to Dismiss and Defendant TWC-Chandler, L.L.C.'s ("TWC") Motion to Dismiss under advisement; having reviewed the memoranda of the parties and the legal authorities cited therein; and good cause appearing, enters the following Opinion,

Opinion

Nature of the case
This action involves three (3) of more than a dozen real estate parcels that make up the Chandler Fashion Center ("CFC"). Originally, the CFC consisted of two parcels, however the property owner/developer asked the Maricopa County Assessor (the "Assessor") on several successive occasions to split the parcels consistent with its development plan for this shopping center. Maricopa County (the "County") alleges the Assessor mistakenly crossed off the improvement values from the split/combining form for several parcels, which had the effect of showing no improvement values for those parcels. On September 11, 2002, the County mailed Notices of Proposed Correction on these three parcels of land owned by TWC (the "Subject Property"), proposing to correct what the County claimed was an "error" in the values *469 assigned to the Subject Property and proposing to increase the values assigned to each of these parcels. TWC disputed the proposed correction and appealed the Assessor's decision to the SBOE. The SBOE issued its decision on February 7, 2003, upholding TWC's objection to the proposed error correction and reducing the values back to those originally determined for the Subject Property by the Assessor for the 2002 tax year. The SBOE eliminated all value associated with the existing improvements, effectively removing the improvements from the County tax roll, and valued the land only. On April 4, 2003, the County filed a complaint that was amended on April 24, 2003, appealing the SBOE's valuation decision and requesting declaratory relief regarding the SBOE's alleged failure to comply with the statutes and rules governing the listing of improvements on the tax roll for the Subject Property.

Issues
The County is seeking: 1) the Court's de novo review of the valuation of the subject properties, including the improvements, and 2) a declaration that the SBOE, in removing the improvements, acted without authority and in excess of its jurisdiction. The first issue is a matter routinely accomplished by the Court pursuant to A.R.S. § 42-16203, which usually results in de novo review of value without any comment on the legality of the SBOE's actions. The Court finds that the only way to effectively resolve the issue as to whether the SBOE has the authority to add or remove property after agency adjudication is by way of declaratory judgment relief.

Legal Discussion
The Court of Appeals in Estate of Bohn v. Scott, 185 Ariz. 284, 915 P.2d 1239 (App.1996), recognized the right to declaratory relief in tax matters but only when the action is not a challenge to the constitutional validity of a tax statute and only upon the exhaustion of all administrative remedies. In the case at bar, there is no challenge as regards the constitutionality of a tax statute and there is no requirement to exhaust administrative remedies before bringing a tax valuation appeal. Absent the taxpayer or the County having the right to seek review of claimed unlawful action of the SBOE by way of special action prior to the final administrative decision or by way of a declaratory action after the agency's final decision, the Court would never be in the position to determine the legality of the agency's actions in such a way as to give the agency or future litigants any guidance as to the scope of such agency's jurisdiction. While the Court, in de novo review, might by way of dicta determine the jurisdiction of the SBOE to add or delete property from the County tax roll, the Court's review would not be binding precedent as that issue would not be the focus of the Court's determination in a trial pursuant to A.R.S. § 42-16203. The Court further finds that while the SBOE and its members are immune from personal monetary judgment, the SBOE is not immune from the declaratory judgment jurisdiction of the Arizona Tax Court and therefore will remain a party to this action.
The Court further finds that the Assessor cannot initially pick up new changes to the property through the error-correction procedure, but the Assessor is permitted to timely correct errors regarding existing changes and collect additional taxes for the three years prior to the mailing of the notice of error. A.R.S. § 42-16256(B). The Legislature, purportedly being aware of In re Westward Look Development Corp., Inc., 138 Ariz. 88, 673 P.2d 26 (App.1983), promulgated A.R.S. § 42-16256(A) to address the concern that a significant tax burden could be passed without notice to a subsequent purchaser of the property. The Legislature limited the retroactive collection of taxes under the error-correction statutes to the period during which the current owner of record held title to the property.
TWC may be correct that the appeal should have been brought under A.R.S. § 42-16252(G) rather than A.R.S. § 42-16203, however, a proper appeal was taken within sixty (60)-days of the SBOE decision as is required under either statute. Accordingly, the Court will determine on the merits whether the value of the improvements was *470 properly added by the Assessor or properly removed by the SBOE.
The Court further finds that the issue of whether the County's proposed value violates A.R.S. § 42-16251 is outside the scope of the immediate Motion to Dismiss and is not the basis for dismissal of this action; it may later be the basis for a motion for summary judgment.

Conclusion
The essence of the Court's holding is that a party aggrieved by a decision of the SBOE may bring a declaratory judgment action asking either the Superior Court of Arizona or the Arizona Tax Court to review the authority and/or jurisdiction of the SBOE to take certain actions. Without this Court's ability to hear such matters as a declaratory judgment action, there is no effective way for the Court to ever review the propriety of the SBOE's actions. Now therefore,
IT IS ORDERED denying both the SBOE's and TWC-Chandler's Motions to Dismiss.
IT IS FURTHER ORDERED denying the County's Motion for Sanctions regarding TWC-Chandler's Motion to Dismiss.
IT IS FURTHER ORDERED designating this opinion for publication.