NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JUSTIN DWAYNE HILL, *Plaintiff/Appellant*,

*v.*

CITY OF EL MIRAGE, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0455
FILED 4-18-2023

Appeal from the Superior Court in Maricopa County
No. CV2021-092353
The Honorable Stephen M. Hopkins, Judge (*Retired*)

**AFFIRMED**

COUNSEL

Justin Dwayne Hill, Florence
*Plaintiff/Appellant*

Titus Brueckner & Levine PLC, Scottsdale
By Elan S. Mizrahi, Larry J. Crown
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Daniel J. Kiley joined.

**M O R S E**, Judge:

**¶1** Justin Hill appeals the superior court's dismissal of his complaint against the City of El Mirage and four individual police officers (collectively "El Mirage").  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** On May 10, 2021, Hill filed a complaint against El Mirage, alleging various tort claims arising out of his April 2015 arrest and subsequent incarceration.  Hill alleges that the officers made false statements in a police report, which caused him to be arrested and jailed for three years until the charges were dropped.

**¶3** El Mirage moved to dismiss the complaint under Arizona Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), arguing that Hill failed to state a claim upon which relief could be granted, had not served a notice of claim, and that the statute of limitations barred all his claims.  Hill's response to the motion to dismiss was due on October 11, 2021.  Two days after his response was due, Hill filed a request for an extension to file his response.  The superior court granted the motion, allowing Hill to file his response no later than December 1, 2021.  Seven days after this deadline, Hill filed a second request for an extension of time to respond.  The superior court granted the motion, setting the new response deadline for January 18, 2022.  Hill never filed a response, and on February 4, 2022, the superior court "independently evaluated the substance of [El Mirage's] motion" and dismissed the complaint.

**¶4** Hill was in prison on unrelated charges, and moved for reconsideration, arguing that he could not respond because the Arizona Department of Corrections moved him four times and he could not access necessary legal documents.  The superior court denied Hill's motion.  Hill timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶5** Hill argues the superior court erred by dismissing the complaint without giving him an opportunity to respond to the motion to dismiss. We review the grant of a motion to dismiss under Rule 12(b)(6) de novo, *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012), unless the motion is granted because the nonmoving party failed to respond, in which case we review the superior court's decision for an abuse of discretion, Ariz. R. Civ. P. 7.1(b)(2); *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 64-65, ¶¶ 16-17 (App. 2010).  "We hold unrepresented

litigants in Arizona to the same standards as attorneys." *Flynn v. Campbell*, 243 Ariz. 76, 83, ¶ 24 (2017). A response to a motion to dismiss must be filed "within 10 days after the motion and supporting memorandum are served . . . ." Ariz. R. Civ. P. 7.1(a)(3). The superior court has the discretion to summarily grant a motion if "the opposing party does not file a responsive memorandum . . . ." Ariz. R. Civ. P. 7.1(b)(2).

¶6        The superior court accommodated Hill by extending the deadline to respond to the motion multiple times, including granting extensions after the response deadline had already passed. In all, the superior court provided Hill 116 days to respond to El Mirage's motion to dismiss and did not issue a ruling until an additional 17 days after the response deadline. After the second extension, Hill failed to request a third extension and did not notify the court that he had any difficulty accessing documents related to his claim. And while the court had authority to summarily grant the motion to dismiss, the superior court, on its own initiative, "independently evaluated" the motion on its merits before issuing its ruling. The superior court did not abuse its discretion.

¶7        Hill also argues that his claims did not accrue until the charges resulting from his April 2015 arrest were dismissed in June 2020 and that he complied with both the notice of claim requirement and statute of limitations. Hill waived these arguments by failing to raise them until his reply in support of his motion for reconsideration. *See Westin Tucson Hotel Co. v. Dep't of Revenue*, 188 Ariz. 360, 364 (App. 1997) (rejecting arguments raised in a reply to a summary judgment motion because "a claim raised for the first time in a reply is waived"). And we generally do not consider arguments unless they were properly raised in the superior court except where "the facts are fully developed, undisputed, and the issue can be resolved as a matter of law." *See State ex rel. Horne v. Campos*, 226 Ariz. 424, 428, ¶ 13 n.5 (App. 2011). The record does not contain sufficient facts about the notice of claim or the probable cause leading to the arrest to allow us to resolve these disputes as a matter of law. Because Hill did not properly raise these arguments below, they are waived on appeal. *See Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 386, ¶ 12 (App. 2011) ("If the argument is not raised below so as to allow the trial court . . . an opportunity [to address it], it is waived on appeal.").

**CONCLUSION**

¶8     We affirm the superior court's dismissal of Hill's complaint.



AMY M. WOOD • Clerk of the Court
FILED:  CC