461 P.2d 498

**COUNTY OF COCHISE, a body politic, Appellant,**

v.

**Robert M. BECKMAN, Daniel E. Moore, Dushan S. Vlahovich and James B. Greenwood, Appellees.**

**No. 2 CA–CIV 691.**

Court of Appeals of Arizona.

Division 2.

Dec. 2, 1969.

Rehearing Denied Dec. 30, 1969.

Review Denied Feb. 3, 1970.

Richard J. Riley, Cochise County Attorney by Alan L. Slaughter, Chief Deputy County Atty., Bisbee, for appellant.

Daniel E. Moore, Bisbee, for appellees.

HOWARD, Judge

The appellees filed a suit in the superior court alleging that they were hired by the Board of Supervisors of Cochise County to represent the County in certain matters before the Civil Aeronautics Board and further alleging that they were entitled to the sum of $5,150.90 for legal fees and expenses expended on behalf of the County.

The answer and counterclaim filed by the appellant admitted all of the allegations of the complaint but alleged that the appellees had already received $50,127.62.

The appellant asked the court to determine the amount that was due and owing, if any, to the appellees and that if the appellees had been overpaid that the appellants be awarded a judgment in the amount of the overpayments.

The trial court awarded judgment in favor of the appellees in the amount prayed for in their complaint and denied the appellant's counterclaim. It is from this judgment that the appellant appeals.

In the trial court, the appellant was represented by J. Mercer Johnson, an attorney especially hired by the County to defend the action. On this appeal the appellant is being represented by the Cochise County Attorney.

For the first time on appeal the appellant questions the legality of the contract hiring appellees on the ground that when two of the three members of the Board of Supervisors voted in favor of a resolution hiring the appellees they were acting fraudulently, in collusion, on their own behalf and not on behalf of the Board of Supervisors.

This court, in Nutter v. Bechtel, 6 Ariz.App. 501, 433 P.2d 993 (1967), has held that the illegality of a contract may be raised in the appellate court for the first time by the court sua sponte. If the court can do this, presumably so can the parties. However, we do not believe that this rule would apply when the court has to go outside the evidence and pleadings presented to the trial court in order to arrive at a conclusion of illegality. The pleadings filed by the parties in this action not only do not indicate an illegal contract, but indeed suggest a completely valid and legal one.

Under the circumstances and posture of this case, we believe that the rule enunciated by us in In re Estate of Taylor, 5 Ariz.App. 144, 424 P.2d 186 (1967) controls. The reviewing court will consider a case only upon the theory upon which it was tried in the court below.

For the foregoing reasons the judgment of the trial court is affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.