503 P.2d 978

**Paul E. LAOS, Sr., Appellant,**

v.

**Joseph H. SOBLE and Barbara Soble, husband and wife, and Soble & Cole, P. C., a professional corporation, Appellees.**

**No. 2 CA–CIV 1173.**

Court of Appeals of Arizona, Division 2.

Dec. 12, 1972.

Rehearing Denied Jan. 10, 1973.

Review Denied Feb. 20, 1973.

Silver, Ettinger & Karp by Jack A. Ettinger, Tucson, for appellant.

Soble, Cole & Meehan, P. C. by Harold M. Cole and Thomas Meehan, Tucson, for appellees.

HOWARD, Judge.

This is an appeal from a judgment in favor of defendants in a lawsuit to recover from them a fee purportedly due and owing to the plaintiff.

The plaintiff's claim was predicated upon the following document, written in longhand and signed by attorney Soble:

" 7–24–70

Paul Laos

Your fee is 1500.00 for appraisal fees for 200,000 or below & 2500.-00 for anything over $200,000.

Joseph H. Soble"

The case was tried to the court, both Laos and Soble testifying as to the circumstances which gave rise to this writing. The trial court, in ruling in defendants' favor, apparently believed Soble's version, i. e., that the agreed-upon compensation was for Laos' services as an appraisal witness in an impending condemnation trial. Since, according to him, he did not avail himself of such services, the obligation to pay Laos did not arise.

On appeal, Laos contends that the document upon which he relied reflects that he was entitled to judgment as a matter of law. We believe that the document reflects the contrary—that, as a matter of public policy, the contract is illegal and therefore void. Although illegality was neither asserted in the trial court nor on appeal, we have a duty to raise such questions *sua sponte* when the face of the record reflects illegality. Nutter v. Bechtel, 6 Ariz.App. 501, 433 P.2d 993 (1967); County of Cochise v. Beckman, 11 Ariz. App. 19, 461 P.2d 498 (1969).

An agreement to pay a witness a fee contingent on the success of the litigation is against public policy and void. Bel-

fonte v. Miller, 212 Pa.Super. 508, 243 A. 2d 150 (1968); Van Norden v. Metson, 75 Cal.App.2d 595, 171 P.2d 485 (1946); 6A A. Corbin, Corbin on Contracts § 1430 (1962); Restatement of the Law, Contracts § 552(2).[1]

Professor Corbin points out that the use of "expert" testimony has been subject to grave abuses and that bargains for obtaining same should be under close supervision by the court. A similar concern was expressed in Belfonte v. Miller, supra:

> ". . . The difficulties and dangers which surround so-called expert testimony are well understood by the profession and it is the manifest duty of our courts to carefully scan all special contracts relating to the employment of experts, providing for the payment of special compensation in addition to the witness fees allowed by law. . . .
>
> \* \* \* \* \* \*
>
> The rule applied to such contracts is not to be affected by proof that the behavior of the parties was in fact exemplary, for it is the tendency of such contracts which serves to generate their undesirability. Improper conduct or bias can be predicted easily when the compensation of the witness is directly related to the absolute amount of an award which may in turn be dependent to a great degree on the testimony of that same witness. . . ." 243 A.2d at 153.

We are of the opinion, and so hold, that a contract providing for compensation of a witness contingent on the success of the litigation is subversive of public justice for the reason that his evidence may be improperly influenced. Public policy considerations brand such contract illegal.

Although the trial court's denial of plaintiff's claim was correct, but for a different reason, we affirm.

HATHAWAY, J., and BEN C. BIRDSALL, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge BEN C. BIRDSALL was called to sit in his stead and participate in the determination of this decision.

---

[1]. The Code of Ethics enacted by the American Institute of Real Estate Appraisers also denounces contingent fee arrangements:

"It is unethical for an appraiser, retained in cases where monetary damages are involved, to accept such assignments on condition that his compensation will be a percentage of the damages which may be agreed upon or finally decreed." § 10.202.