595 P.2d 1014

Ralph E. BARRASSO and Margie R. Barrasso, husband and wife, Plaintiffs/Appellants,

v.

FIRST NATIONAL BANK of Arizona, an Arizona corporation, Hugh Richard Barrasso, and Herbert Timmermans, as Personal Representative of the Estate of Anne E. Timmermans, Deceased, and Robert N. Barrasso, Defendants/Appellees.

Ralph E. BARRASSO and Margie R. Barrasso, husband and wife, Plaintiffs/Appellees,

v.

Bess Barrasso FELDMAN, Defendant/Appellant.

No. 2 CA–CIV 3021.

Court of Appeals of Arizona, Division 2.

Feb. 27, 1979.

Rehearing Denied April 12, 1979.

Review Denied May 1, 1979.

---

4. Consistent with *Ebasco,* we do not interpret this statute to apply only to statutory deductions.

Garven W. Videen, Tucson, for plaintiffs/appellants and plaintiffs/appellees.

Lesher, Kimble & Rucker, P. C. by Monte C. Clausen, Tucson, for defendants/appellees.

Lesher, Kimble & Rucker, P. C. by Monte C. Clausen, Tucson, for defendant/appellant.

## OPINION

RICHMOND, Chief Judge.

Appellants Ralph and Margie Barrasso brought this action against First National Bank of Arizona as trustee of a family trust, Ralph's two brothers, one sister, and his mother, Bess Barrasso Feldman. They sought damages in an amount equal to the value of "their home" which they claim was promised to them but never received. The trial court granted defendants' motion for summary judgment as to all defendants except Mrs. Feldman. Following a non-jury trial, the court entered judgment in favor of Ralph and Margie and against Mrs. Feldman for $40,000 in damages. Ralph and Margie appeal from the summary judgment and Mrs. Feldman cross-appeals from the judgment against her. We view the facts in the light most favorable to the

party opposing the summary judgment, *Chanay v. Chittenden,* 115 Ariz. 32, 563 P.2d 287 (1977), and which best supports the judgment against Mrs. Feldman, *Dietel v. Day,* 16 Ariz.App. 206, 492 P.2d 455 (1972).

Ralph's parents owned property on which they operated the Frontier Motel in northwest Tucson. During the 1940s, Ralph moved into one of the motel units and worked as general manager. After Ralph and Margie were married in 1955, they continued to live at the motel. Ralph remained on as manager but received no salary, only room and board plus a nominal amount for living expenses. When Ralph and Margie decided to move into a home of their own, Mrs. Feldman asked them to stay and offered to build them a home at the motel so that Ralph would be close and could continue to take care of her. Ralph and Margie agreed.

Ralph testified that his mother told him on many occasions the house was his, that he was the owner. In 1962 she remarried and in 1965 she placed an undivided half interest in the motel property in an irrevocable trust at Southern Arizona Bank (now First National Bank of Arizona). Shortly thereafter she deeded the other half of the property into the trust. Though the house was included in the trust property, Ralph and Margie continued to live there and did not learn of the trust until 1969.

When Ralph confronted his mother about depriving him of his home, she told him she had not understood the trust agreement when she signed it. Shortly afterward she saw an attorney and tried unsuccessfully to revoke the trust.

In 1971 the trustee received an offer to buy the property. Mrs. Feldman asked Ralph and Margie to move out of the house so that the sale of the property, including the house, could be completed. She made an oral promise to Ralph and Margie, which was later reduced to writing, that she would "buy them another home should I ever sell the motel."

In 1972 Ralph and Margie commenced this action, claiming that the property had been sold and they had never received a house. In granting summary judgment the trial court found that the "plaintiffs' affidavits and deposition testimony are that the plaintiffs consented to a sale of the property (including the house) by the trustee, and the plaintiffs contend that in consideration for this consent, Mrs. Feldman and the other individual defendants agreed to compensate the plaintiffs. They also apparently contend that they paid for construction of the house and that there was an agreement that if the property were sold and plaintiffs vacated the house, Mrs. Feldman would compensate them." The trial court concluded that these facts do not support recovery against any defendants other than Mrs. Feldman. We agree.

■ Plaintiffs argue three theories of recovery: (1) breach of contract, (2) unjust enrichment, and (3) fraud. They produced no evidence of any promises or representations made by any of the defendants other than Mrs. Feldman to support either a contract claim or a fraud claim. Nor do the facts support their contention that a constructive trust should be imposed because the trust is unjustly enriched by so much of the sale proceeds as represents the value of a house that belonged to Ralph and Margie. When they moved out at the time of the sale in exchange for Mrs. Feldman's promise to buy them another home, they abandoned any rights they had in "their home" and agreed to accept a substitute. A prerequisite to the imposition of a constructive trust is the identification of a specific property, in which the claimant has an interest. *Amtitle Trust Co. v. Fitch,* 25 Ariz.App. 182, 541 P.2d 1166 (1975). Since Ralph and Margie no longer claimed any rights in the specific property, there was no basis for imposition of a constructive trust and summary judgment was properly granted.

■ The same evidence, however, supports the judgment against Mrs. Feldman for breach of contract. When she offered Ralph and Margie a house in exchange for his services at the motel, they entered into a contract that was implied by all the circumstances. The agreement to accept a

different house in 1971 was a permissible modification of that implied contract and the necessary consideration was supplied by both parties' consent and abandonment of their rights under the prior agreement. *Henderson v. Jacobs,* 73 Ariz. 195, 239 P.2d 1082 (1952).

 Defenses afforded by the statute of limitations and statute of frauds are inapplicable. As the trial court determined, the 1971 agreement was breached when Mrs. Feldman failed to provide Ralph and Margie with a new house after the sale. Because the lawsuit was filed in May of 1972, the action was within the limitation period for breach of either oral or written contracts. The handwritten note, signed by Mrs. Feldman and dated May 9, 1971, satisfies the requirements of A.R.S. § 44–101.

Finally, we decline to consider Mrs. Feldman's contention that her performance was excused as impossible because the irrevocable nature of the trust precluded access to the sale proceeds.

██ The defense of impossibility of performance was never presented to the trial court. The reviewing court will consider a case only upon a theory on which it was tried in the court below. *County of Cochise v. Beckman,* 11 Ariz.App. 19, 461 P.2d 498 (1969).[1]

Affirmed.

RICHMOND, C. J., and HOWARD and HATHAWAY, JJ., concur.

---

**1.** Although the trial court found that Mrs. Feldman intended "Ralph should get his house first from the proceeds of the sale," it did not find that her promise was limited to providing another house from that source and the evidence is otherwise.