NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

REBEL EMPIRE, LLC,
*Plaintiff/Appellant*,

v.

ARIZONA DEPARTMENT OF REVENUE,
*Defendant/Appellee*.

No. 1 CA-TX 20-0010
FILED 8-19-2021

---

Appeal from the Arizona Tax Court
No. TX2018-001177
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

---

COUNSEL

The Newmark Law Firm, PLLC, Phoenix
By Stephen C. Newmark
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Nancy K. Case
*Counsel for Defendant/Appellee*

_____

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge David B. Gass joined.

_____

**M O R S E**, Judge:

**¶1**         Rebel Empire, LLC ("Rebel") appeals from the tax court's grant of summary judgment in favor of the Arizona Department of Revenue ("Department") finding Rebel liable for unpaid luxury tax on tobacco sold during 2016. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         Rebel is a licensed Arizona tobacco distributor operating a retail store in Flagstaff. In 2016, Rebel purchased OHM Pipe Tobacco and Au Naturall'e Pipe Tobacco ("Subject Tobacco"). Rebel did not report these purchases on its luxury tax return under the "smoking tobacco" category, which includes pipe tobacco. *See* A.R.S. § 42-3001(23) (defining smoking tobacco). Instead, Rebel reported the purchases under the "cavendish" category. Arizona taxes cavendish tobacco at a lower rate than smoking tobacco. *See* A.R.S. §§ 42-3052(6)-(7), -3251(A)(2)-(3), -3371(2)-(3).

**¶3**         The Department audited Rebel's 2016 luxury tax returns and determined that Rebel should have reported the Subject Tobacco under the smoking tobacco category instead of the cavendish category because the Subject Tobacco was pipe tobacco. The Department issued a proposed assessment for $12,209.87 in underreported taxes. Rebel protested the assessment. The Office of Administrative Hearings heard the matter and upheld the assessment. After exhausting its administrative remedies, Rebel appealed to the tax court.

**¶4**         The parties filed cross-motions for summary judgment. The tax court heard oral argument, denied Rebel's motion, and granted the Department's motion. The court entered judgment and Rebel timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶5**         We review the tax court's grant of summary judgment de novo. *SolarCity Corp. v. Ariz. Dep't of Revenue*, 243 Ariz. 477, 480, ¶ 8 (2018).

We view the facts in the light most favorable to Rebel, the party against whom summary judgment was entered. *See Valencia Energy Co. v. Ariz. Dep't of Revenue*, 191 Ariz. 565, 568, ¶ 2 (1998). But our review "is limited to the record before the [tax] court." *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4 (App. 1990).

**¶6** The parties dispute who bore the burden to prove the classification of the Subject Tobacco. "The appropriate burden of proof is a question of law, which this court reviews de novo." *Am. Pepper Supply Co. v. Fed. Ins. Co.*, 208 Ariz. 307, 309, ¶ 8 (2004). Whether the Subject Tobacco is cavendish or pipe tobacco is a fact dispute. *See Goodyear Aircraft Corp. v. Ariz. State Tax Comm'n*, 1 Ariz. App. 302, 306 (1965) (noting categorization of taxpayer's activity as the sale of personal property or sale of services was a question of fact). In tax appeals, the burden of proof on a factual issue shifts to the Department only if, among other requirements, a preponderance of the evidence shows the taxpayer has asserted "a reasonable dispute" on that issue. A.R.S. § 42-1255(1). Here, the tax court found that by failing to offer any evidence of a reasonable dispute, Rebel failed to establish "the initial showing by a preponderance that would support shifting the burden of proof to" the Department. We agree.

**¶7** In its response brief to the Department's motion for summary judgment, Rebel stated it "was trying to determine whether it was selling cavendish." But Rebel did not provide or point to any evidence that the Subject Tobacco was cavendish. Without evidence to substantiate its claim, Rebel failed to assert a reasonable dispute. *See Ariz. Joint Venture v. Ariz. Dep't of Revenue*, 205 Ariz. 50, 56, ¶ 30 (App. 2002) (holding that a legal argument was insufficient to shift the burden on a fact dispute); *see also State ex rel. Ariz. Dep't of Revenue v. Wendtland*, 1 CA-TX 18-0004, 2019 WL 2468832, at *2, ¶ 12 (Ariz. App. June 13, 2019) (mem. decision) (holding that taxpayer "did not assert 'a reasonable dispute,'" in part, because he "did not respond to the Department's motion for summary judgment"); Ariz. R. Civ. P. 56(e) ("[A]n opposing party may not rely merely on allegations or denials of its own pleading[,]" but must "set forth specific facts showing a genuine issue for trial."). Thus, Rebel still bore the burden of establishing the Subject Tobacco was cavendish.

**¶8** Rebel also asserts the Department erred by relying on a definition of cavendish promulgated by the Department in a 2018 policy statement. *See* Luxury Tax Ruling LTR 18-1, 2018 WL 1964618 (Apr. 17, 2018). But Rebel fails to cite, and we cannot find, anything in the record where the Department relied on LTR 18-1 in this case. Instead, the Department applied the definition of cavendish from a 2004 policy

statement. *See* Luxury Tax Ruling LTR 04-2 (Mar. 3, 2004), https://azdor.gov/sites/default/files/RULINGS_LUXURY_2004_ltr04-2.pdf. Accordingly, this argument is not well taken.

**¶9**    On appeal, Rebel does not address or dispute the LTR 04-2 definition used by the tax court. Instead, Rebel cites a definition of cavendish promulgated by the legislature in 2019. *See* 2019 Ariz. Sess. Laws, ch. 65, § 1 (1st Reg. Sess.) (SB 1347); A.R.S. § 42-3001(3) (defining cavendish tobacco). But to the tax court, Rebel argued the 2019 legislation should not apply to the 2016 audit because it lacked retroactivity language. *See State v. Superior Court (Mauro)*, 139 Ariz. 422, 427 (1984) ("Unless a statute is expressly declared to be retroactive, it will not govern events that occurred before its effective date."). Rebel now asks this Court to order the Department "to devise a way to blend the theory of the audit with the new statutory definition of Cavendish." We conclude Rebel has waived this argument by failing to raise it before the tax court. *See Westin Tucson Hotel Co. v. Ariz. Dep't of Revenue*, 188 Ariz. 360, 364 (App. 1997) (noting arguments not raised in the tax court are waived on appeal).

**¶10**    Based on the undisputed evidence presented, the tax court correctly determined that the Subject Tobacco was pipe tobacco subject to taxation at the higher rate. Summary judgment was appropriate.

## CONCLUSION

**¶11**    For the foregoing reasons, we affirm. As Rebel is not the prevailing party, we deny its request for attorney fees.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4