IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BRIAN HOUSTON, *Plaintiff/Appellant,*

*v.*

PAUL PENZONE, et al., *Defendants/Appellees.*

No. 1 CA-CV 25-0511
FILED 6-25-2026

Appeal from the Superior Court in Maricopa County
No. CV2023-051342
The Honorable Dewain D. Fox, Judge

**AFFIRMED**

COUNSEL

Andrew Ivchenko, PLLC, Chandler
By Andrew Ivchenko
*Co-Counsel for Plaintiff/Appellant*

Milberg Coleman Bryson Phillips Grossman, PLLC, Beverly Hills, CA
By Alex R. Straus
*Co-Counsel for Plaintiff/Appellant*

Milberg Coleman Bryson Phillips Grossman, PLLC, Knoxville, TN
By William A. Ladnier
*Co-Counsel for Plaintiff/Appellant*

Kozub Kloberdanz, Scottsdale
By Daniel L. Kloberdanz
*Co-Counsel for Plaintiff/Appellant*

Broening Oberg Woods & Wilson, P.C., Phoenix
By Sarah L. Barnes, Roshin Bhangoo
*Counsel for Defendants/Appellees*

---

**OPINION**

Judge D. Andrew Gaona delivered the opinion of the Court, in which Presiding Judge David B. Gass and Judge Anni Hill Foster joined.

---

**G A O N A**, Judge:

¶1      Heads up: if the Maricopa County Sheriff's Office booked you into jail before September 9, 2024, it probably posted your mugshot, birthdate, and other personal information on its website without explaining in that public post that you hadn't been convicted of a crime and were presumed innocent. Plaintiff Brian Houston was one of thousands affected by this longstanding policy. After prosecutors dropped the charges that led to Houston's booking, he filed a putative class action against the Sheriff seeking damages. Before taking any discovery, Houston moved to certify a class on one tort claim—false light, as recognized in *Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335 (1989), and Restatement (Second) of Torts § 652E (1977) ("Section 652E"). The superior court denied his motion.

¶2      Houston appeals that denial, which turned on a determination that false light requires a "case-by-case" analysis of each putative class member's claim. Houston says the superior court abused its discretion because all putative class members suffered the same reputational injury "at the moment [the Sheriff] published their mugshots and personal information" online. As Houston's argument goes, this means all class members' claims turn on an "objective standard" that can be satisfied on a class-wide basis.

¶3      We disagree. Under Section 652E, cmt. c, a false light claim requires the defendant to make "a major misrepresentation of [plaintiff's] character, history, activities or beliefs" such that "serious offense may reasonably be expected to be taken by a reasonable [person] in [plaintiff's] position." Because proving this element of false light requires plaintiff-specific facts, the superior court correctly denied Houston's motion to certify a class. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶4        In January 2022, Phoenix Police arrested Houston, charged him with assault, and transferred him to the Sheriff's custody. The Sheriff booked Houston into jail and published Houston's booking photograph, birthdate, and other personal information on its website titled "Mugshot Lookup" for about three days. During that time, a third-party "scraped" Houston's mugshot and personal information from the Sheriff's website and republished it. According to the complaint, that information is now "memorialized on the internet for all time." The Sheriff's website did not include a disclaimer saying Houston hadn't been convicted or was presumed innocent. After Houston's information appeared on the "Mugshot Lookup" page, prosecutors dismissed the charges against him.

¶5        Houston then filed a class action complaint in the United States District Court for the District of Arizona against the Sheriff (and others) asserting federal and state-law claims. The district court dismissed Houston's federal claims and declined to exercise supplemental jurisdiction over his state-law claims. Houston appealed, and the United States Court of Appeals for the Ninth Circuit reversed in part. *Houston v. Maricopa Cnty.*, 116 F.4th 935, 939, 947 (9th Cir. 2024). After that reversal, the Sheriff added a disclaimer to the "Mugshot Lookup" page.

¶6        Houston also filed this class action in Arizona Superior Court, asserting claims for: (1) "invasion of privacy and false light and violation of Arizona's public records laws"; (2) violation of the Arizona Mugshot Act (A.R.S. §§ 44-7901 to -7902); and (3) violation of the Arizona Constitution, article 2, § 8. The superior court granted the Sheriff's motion to dismiss Houston's public records and Arizona Mugshot Act claims. The parties agreed to stay the state constitutional claim pending the federal appeal's outcome.

¶7        Before the Sheriff answered, and before seeking discovery, Houston moved to certify a class on the false light claim.  The motion defined the proposed class as individuals who "were arrested and booked into the Maricopa County jail system between September 24, 2021, and September 9, 2024," and whose "booking photograph and other personal identifying information [were] digitally published by the Sheriff on the Mugshot Lookup page."

¶8        The superior court denied the motion, finding Houston didn't satisfy the commonality and typicality requirements of Arizona Rule of Civil Procedure ("Rule") 23(a)(2) and (a)(3). It also found that Houston didn't establish at least one of Rule 23(b)'s requirements addressing the

3

types of class actions that plaintiffs can maintain. The superior court explained that "whether the publication of each putative Class member's mugshot and private information cast that Class member in a false light and caused injury must be evaluated on a case-by-case basis depending on each Class member's individual circumstances."

**¶9**        Houston timely appealed that decision. We have jurisdiction under A.R.S. §§ 12-1873(A) and -2101(A).

## DISCUSSION

**¶10**        Because cases arising under Rule 23 are rare, we begin with the basics.

**¶11**        In seeking class certification, Houston had to show that he "meet[s] all the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *Ferrara v. 21st Century N. Am. Ins.*, 245 Ariz. 377, 380 ¶ 6 (App. 2018). Rule 23(a) requires the plaintiff to prove:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

These requirements "effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." *Ferrara*, 245 Ariz. at 380 ¶ 7 (citation omitted).

**¶12**        As for Rule 23(b), Houston sought certification under Rule 23(b)(1) and (b)(3), which required him to show that either:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
> > (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

4

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede the other members' ability to protect their interests; [or]

. . .

(3) . . . questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.[1]

Rule 23(b)(1) authorizes class actions when allowing separate lawsuits would either force the party opposing the class to comply with contradictory court orders or prejudice the interests or rights of non-party class members. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997).[2] For its part, Rule 23(b)(3) permits class certification when aggregate adjudication is "convenient and desirable." *Id.* at 615.

¶13        Class certification "is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Ferrara*, 245 Ariz. at 380 ¶ 6 (citation omitted). We review a trial court's decision on whether to certify a class for abuse of discretion, *Godbey v. Roosevelt Sch. Dist.*, 131 Ariz. 13, 16 (App. 1981), but review any "underlying legal questions" de novo, *Noohi v. Johnson & Johnson Consumer Inc.*, 146 F.4th 854, 863 (9th Cir. 2025).

¶14        On appeal, Houston contends the superior court erred by: (1) applying incorrect legal standards to his false light claim; (2) finding that he didn't meet Rule 23(a)'s commonality and typicality requirements and

---

[1]        Though not invoked by Houston, Rule 23(b)(2) provides the third potential avenue: "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate for the class as a whole."

[2]        "Because Rule 23 is identical to Rule 23 of the Federal Rules of Civil Procedure, we view federal cases construing the federal rule as authoritative." *ESI Ergonomic Sols., LLC v. United Artists Theatre Cir., Inc.*, 203 Ariz. 94, 98 n.2 (App. 2002).

that class certification wasn't proper under Rule 23(b)(1) or (b)(3); and (3) denying him discovery. We address each in turn.

## I.   False Light Claims Require Plaintiff-Specific Facts.

¶15        Houston first argues the superior court erred in interpreting the false light tort's elements, which he says are all "objective" and thus "susceptible to classwide proof."

¶16        In *Godbehere*, our Supreme Court first recognized the false light tort "as articulated by Restatement § 652E." 162 Ariz. at 342. Under Section 652E:

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if
>
> (a) the false light in which the other was placed would be highly offensive to a reasonable person, and
>
> (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

Houston focuses on the first element, pointing to *Godbehere*'s statement that in determining what is "highly offensive," a "plaintiff's subjective threshold of sensibility is not the measure, and 'trivial indignities' are not actionable." 162 Ariz. at 340. This, Houston contends, means it's possible to prove class-wide liability based on an objective standard. His view is that a fact finder applying a "reasonable person" standard could find the Sheriff's actions "highly offensive" without regard to any individual's circumstances "because all suffered the false light tortious injury the very moment" of posting.

¶17        True, the "reasonable person" standard is objective. But the mere fact that a tort claim involves an objective standard doesn't render it automatically suitable for class-action treatment. The elements, and how plaintiffs prove them, matter. And proving one element of false light requires that a defendant published something that was "a major misrepresentation of [*plaintiff's*] character, history, activities or beliefs," such that "serious offense may reasonably be expected to be taken by a reasonable [person] *in [plaintiff's] position*." Section 652E, cmt. c (emphases added); *see also Godbehere*, 162 Ariz. at 341 (citing this comment when recognizing the false light tort). Plaintiff-specific facts are required to show: (1) that a defendant published "a major misrepresentation"; and (2) the

relevant "reasonable person" to allow the fact finder to determine whether that major misrepresentation caused "serious offense."

¶18        As to the required "major misrepresentation," it's not difficult to see why individualized facts are relevant. *See, e.g.*, *Pinder v. 4716 Inc.*, 494 F. Supp. 3d 618, 629 (D. Ariz. 2020) (district court couldn't decide "major misrepresentation" element because a fact finder could find either way). On the facts alleged here, take the examples of three people booked into jail on the same night for alleged assault and whose mugshots appear on the Sheriff's website without a disclaimer of presumed innocence:

- One has no previous criminal record, a leadership position on a parent-teacher association, and no history of violence.

- The second has several prior convictions for non-violent crimes, is a black belt in taekwondo, and serves on the board of a prominent community organization.

- The third has prior assault convictions, a reputation in the community for violence, and an order of protection against them obtained by an ex-spouse.

Whether the Sheriff's publication of their mugshots and personal information without a disclaimer constitutes a "major misrepresentation" of each person's "character, history, activities or beliefs" could differ between these three hypothetical plaintiffs. And that's before even considering the validity of their arrests or the disposition of the charges after arrest.

¶19        A plaintiff-specific notion of the "reasonable person" in the context of a false light claim is also nothing new under Arizona law. Consider *Canas v. Bay Entertainment, LLC*, 252 Ariz. 117 (App. 2021). There, we reversed the superior court's grant of judgment on the pleadings for the defendant on a false light claim brought by "professional models who 'actively participate[ ] in vetting and selecting modeling, acting, brand spokesperson, or hosting engagements.'" *Id.* at 122 ¶ 24. Plaintiffs alleged the defendant posted their pictures on its social media pages and thus falsely implied they endorsed defendant's nightclub. *Id.* The superior court found that nothing about this implication would be "highly offensive to a reasonable person." *Id.* at 122 ¶ 22. We reversed because "[i]t is possible that the finder of fact will determine [it] is highly offensive to a reasonable person *in Appellants' positions*—models and influencers who regularly pose for such photographs." *Id.* at 122 ¶ 25 (emphasis added). The "reasonable person" standard for a false light claim thus remains objective, but defining

the relevant "reasonable person" requires the fact finder to consider the plaintiff's circumstances before applying the objective standard.

¶20        Considering the false light tort's elements, the superior court did not, as Houston posits, misapply any legal standards when evaluating the only substantive legal claim underlying his certification motion.

## II.        The Superior Court Correctly Applied Rule 23.

¶21        Houston next maintains the superior court erred when it found he failed to satisfy Rule 23(a)(2) and (a)(3)'s commonality and typicality requirements and met none of Rule 23(b)'s requirements.

¶22        "We have said that commonality requires simply that there exist questions of law or fact common to the class," but it also "requires the plaintiff to demonstrate that the class members have suffered the same injury." *Ferrara*, 245 Ariz. at 380–81 ¶ 10 (cleaned up). On the other hand, "[t]ypicality is said to limit the class claims to those fairly encompassed by the named plaintiff's claims." *Id.* at 381 ¶ 10 (cleaned up). These two requirements "tend to merge," and as relevant here, "serve as guideposts for determining whether . . . the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.* at 380 ¶ 9 (cleaned up).

¶23        The superior court found that Houston failed to show commonality and typicality based mainly on its analysis of the false light claim's elements. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (Rule 23(a) analysis may "entail some overlap with the merits of the plaintiff's underlying claim."). As the superior court summarized, "each putative Class member's false light claim is highly personalized."

¶24        Given our analysis in Paragraphs 14 through 19, we agree. Houston failed to prove commonality or typicality because he can't prove the Sheriff's publication put any other person in an actionable "false light," let alone that all "class members have suffered the same injury" (or any injury at all). *Ferrara,* 245 Ariz. at 380–81 ¶ 10 (cleaned up). As applied, commonality and typicality under Rule 23(a) require much more than the mere fact that the Sheriff published the mugshots and personal information of all putative class members on the "Mugshot Lookup" website.

¶25        The two cases Houston discusses to dispute the superior court's findings under Rule 23(a) do not suggest otherwise. Those cases challenged the constitutional and statutory adequacy of government-run health care systems that served defined groups of people who were all

exposed to potential harm, and in which the plaintiffs sought only injunctive relief. *See Parsons v. Ryan*, 754 F.3d 657 (9th Cir. 2014) (class action challenging the constitutionality of the state's provision of health care in prisons); *Arnold v. Arizona Dep't of Health Servs.*, 160 Ariz. 593 (1989) (class action to compel government defendants to comply with statutory mandates to provide services to mental health patients). Houston, in contrast, brings a tort claim, seeks only monetary relief, and purports to bring claims on behalf of individuals who may not have suffered any harm at all. *Parsons* and *Arnold* thus fail to bridge the gap.

**¶26** Our conclusion aligns, at least as to typicality, with the sole putative class action involving false light claims that either the parties or our research identified. *See Taig v. Currey*, No. 9:21-CV-80391-RLR, 2022 WL 18539319 (S.D. Fla. June 28, 2022). In *Taig*, the plaintiff sought to certify a class of 100 individuals whose identities and pictures became public after a police surveillance operation at a massage parlor (East Spa) suspected of prostitution. *Id.* at *1. *Taig* concluded the plaintiff couldn't satisfy Rule 23(a)'s typicality requirement because, among other things, "[t]he nature of the claims asserted requires [the plaintiff] to put on evidence that is specific to him and to him alone." *Id.* at *5. As *Taig* further noted, "[s]ure, every member of the class . . . went to East Spa in the relevant time span and alleges [their] Fourth Amendment rights were violated [by the same publicity]. [The plaintiff] is thus representative of the class to that extent. But that's where the common thread ends." *Id*.

**¶27** So too here. Because the superior court correctly found Houston failed to satisfy Rule 23(a), we need not review its separate determinations under Rule 23(b). *See Ferrara*, 245 Ariz. at 380 ¶ 6 (class action proponent must prove they "meet all the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)"). At bottom, Houston failed to carry his burden under Rule 23.

### III.   Houston's Discovery Request Was Both Late and Futile.

**¶28** Finally, Houston asserts the superior court erred by denying his certification motion without allowing him "fulsome discovery," and that the superior court couldn't have made "an informed class certification determination" without a record he wasn't "permitted" to make.

**¶29** To start, Houston filed his certification motion *before* seeking any discovery. Houston could have used all the discovery tools under the Rules of Civil Procedure before filing that motion but chose not to. He said nothing about discovery until his reply in superior court, and in a footnote at that. An issue first raised in a reply is generally waived, and we'd thus

be within our discretion to consider Houston's discovery argument waived on appeal because he didn't properly raise it below. *See Westin Tucson Hotel Co. v. State Dep't of Revenue*, 188 Ariz. 360, 364 (App. 1997) (issue raised for the first time in a reply supporting a motion for summary judgment is waived on appeal).

**¶30** Waiver aside, Houston's discovery argument fails because it's futile. No discovery could solve the fundamental problem identified above: that proving an element of false light requires at least some plaintiff-specific facts, which makes it unsuitable for class treatment. The superior court thus didn't err when it denied Houston's class certification motion without first permitting him to conduct discovery.

## CONCLUSION

**¶31** We affirm and award the Sheriff his costs on appeal under A.R.S. § 12-341 subject to compliance with Arizona Rule of Civil Appellate Procedure 21(b). And we emphasize that our opinion today doesn't decide whether Houston or any other person has a viable claim against the Sheriff.

